Nov. Term,
1827.

CUPPS
v.
IRVIN.

---

## CUPPS v. IRVIN.

*A.*, holding a land-office certificate for a tract of land, executed a title-bond to *B.* for a conveyance at a future time of part of the land, and put him in possession.  *A.*, afterwards, sold and assigned the certificate to *C.*, with notice of *B.'s* equity.  *D.*, the assignee of *B.*, having reason to fear that *C.* would disturb his possession, and sell to a purchaser without notice, filed a bill in chancery to enjoin him from doing so, and obtained a decree accordingly.

*Friday,*
*November* 23

APPEAL from the *Lawrence* Circuit Court.

BLACKFORD, J.—This is a case in chancery.    The material facts are as follows:—*Manson* had a land-office certificate for a quarter section of land.    The date of the entry, or the amount

paid, is not stated. He sold 30 acres of the land to *Freeman*, and gave him his bond for the making of a good title in the year 1829. *Freeman* had possession of the land so purchased, with the consent of *Manson*. After the execution of the title-bond, *Manson* sold and assigned the certificate to *Irvin*, the defendant, without any reservation as to *Freeman's* claim, informing the purchaser, that that claim was conditionally assigned to him, *Manson*, and that he intended to discharge the land of it. *Cupps*, the complainant, is the assignee of *Freeman*, and he has reason to fear that *Irvin* will disturb his possession, and also sell and assign the certificate without notice to the purchaser of the complainant's claim. The bill prays that the defendant be decreed to execute an acknowledgment of the trust, and enjoined from disturbing the complainant's possession, and for general relief. The Circuit Court dismissed the bill, with costs.

In determining this case, it is not necessary to say what will be the extent of the complainant's claim when this title-bond shall have become due. The defendant purchased with full notice of the bond, and the testimony shows that the complainant has good cause to apprehend that his possession will be disturbed; and, also, that the defendant will sell and assign the certificate to some person without notice of the bond. These facts, we conceive, are sufficient to entitle the complainant to a decree, restraining the defendant from assigning the certificate without notice; and from interrupting the complainant's possession. The decree of the Circuit Court, dismissing the complainant's bill, is accordingly reversed; and this Court, proceeding to give such a decree as the Circuit Court ought to have given, do strictly enjoin the said *Irvin* from selling, leasing, mortgaging, or in any manner or for any time disposing of, the said 30 acres of land particularly described in the title-bond mentioned in the record of this case; and from assigning the certificate therefor in the record mentioned, without giving notice to the purchaser, lessee, mortgagee, assignee, or other person concerned as aforesaid, of the said title-bond, whilst the same shall remain unsatisfied; and do also enjoin the said *Irvin*, and every person claiming or to claim by, through, or under him, from disturbing or in any way interrupting the possession of the said *Cupps*, his heirs and assigns, in the said 30 acres of land.

To be certified, &c.   Decree for costs in this Court.

*Nelson*, for the appellant.

*Naylor*, for the appellee.