McDonald *v.* McDonald et al.

ALEXANDER McDONALD *v.* DONALD McDONALD AND WILLIAM GRAY.

IN CHANCERY.

The answer in chancery is more in the nature of a plea, than of evidence; every fact alleged in the bill and admitted in the answer is sufficiently established; but every fact, alleged in the answer in avoidance of such fact, must be proved, if the answer is traversed.

In such case it is not competent for the defendant to deny the *prima facie* effect of his admission, by alledging that it was agreed that the fact admitted should have a different effect.

What, in an answer in chancery, is responsive to the bill, is to be determined by the allegations in the bill, and not by the interrogatories. The interrogatories can neither limit, nor extend, the defendant's obligation to answer.

When a note, secured by mortgage, has been partly paid, and is given up and a new note taken for the balance due upon it, the mortgage security is not thereby released, as against the mortgagor or subsequent mortgagees, in the absence of any agreement, or understanding, that the transaction should have that effect.

This court will not award a peremptory mandate to the court of chancery, in regard to the final disposition of a case, when the hearing in the case was had, in the court of chancery, under a misapprehension of one of the parties as to the state of the pleadings.

APPEAL from the court of chancery.

The orator set forth, in his bill, that, prior to Dec. 25, 1835, the defendant Donald McDonald was indebted to one Sommers in the sum of $160, the payment of which was secured by a mortgage of certain land of the said Donald; that Donald applied to the orator to borrow money to pay off said debt; and that the orator did lend to him the sum of $160, which Donald then received, and applied in payment and discharge of the debt due to Sommers, and executed to the orator a note for the sum so advanced by him, payable in January, 1837, and at the same time executed to the orator a mortgage deed of the same land, to secure the payment of the note so executed by him to the orator,—which deed was duly sealed, witnessed, acknowledged and recorded.

McDonald *v.* McDonald et al.

The bill farther alleged that, afterwards, on the 28th day of February, 1838, the said Donald, having made several payments towards the sum so lent by the orator to him, requested the orator to reckon the payments so made, and ascertain the balance then due upon said note, which the orator held against him; that the orator did so, and found then due upon said note the sum of $84. 00; that Donald then proposed to give a new note to the orator for said balance of $84, saying that it would be better for the orator to do so, as it would be more convenient, and would make the back interest principal, so that it would draw interest; and that the orator, not supposing that the taking a new note would impair or release his mortgage security, consented to do so, and did give up the first note, executed by the said Donald to him, to Donald, and took a new note executed by him, for the said sum of $84.00, bearing date February 28, 1838, and payable Dec. 1, 1838; but the orator charged that this exchange of notes was procured fraudulently by the said Donald, with the intention of thereby depriving the orator of his mortgage security.

The orator farther alleged that the said note for $84 was given wholly for the balance due of the sum advanced by the orator to pay off the Sommers mortgage, and that said note for $84, with the interest thereon, remained wholly unpaid; and that no discharge of the mortgage executed to the orator had ever been entered upon the record of deeds, where said mortgage was recorded, and that the orator had never executed any discharge of said mortgage.

The orator farther alleged, that, subsequent to the execution of the mortgage to the orator, Donald had executed a mortgage deed of the same premises to the defendant Gray, to secure a sum of money said to be due from him to Gray; that Gray had lately commenced proceedings to foreclose his said mortgage, to which proceedings the orator was not made a party; and that Gray, prior to the execution of the mortgage to him, had often seen and read the mortgage deed to the orator, and was, at that time, town clerk of Ryegate, where the last mentioned mortgage deed was recorded.

The orator prayed that the defendants might be decreed to pay to the orator the amount due on the said note for $84, or be forever foreclosed from all title to the said mortgaged premises.

The defendant Donald McDonald, in his answer, admited the ex-

istence of the Sommers mortgage, the loan by the orator to him of $160 to pay off that mortgage, the execution of a note by him to the orator for that sum, the execution of the mortgage deed by him to the orator to secure the payment of said note, the payments made thereon, the reckoning the amount due thereon and finding the same to be $84, and the execution of a new note by him to the orator for said balance,—as alleged in the orator's bill; but he alleged that said new note was given wholly at the request and solicitation of the orator, and with the full understanding between him and the orator that this would operate to discharge the orator's mortgage security upon the land.

The defendant Gray, in his answer, alleged that, on the second day of April, 1839, he lent to the defendant Donald McDonald $153, and took therefor the said Donald's note, and also a mortgage deed of the premises in question to secure said note, and that he had commenced an action of ejectment against said Donald to recover possession of said premises. He admitted that, prior to the time of taking the said note and mortgage, he had known that the orator had a claim upon the said land by mortgage, and that he had seen the orator's mortgage recorded, and that the record was not discharged to his knowledge ; but he alleged, that, at the time of his taking said note and mortgage, and previous thereto, " he was informed and fully believed that said mortgage debt to said orator had been settled, and that said mortgage was thereby discharged and that for this reason he lent said money and took said mortgage."

The answers of the defendants were traversed by the orator, but no testimony was taken on either side.

The court of chancery decreed, that, for the reasons set forth in the answers of the defendants, the orator was not entitled to the relief prayed for in his bill, and that the defendants be dismissed with costs ; from this decree the orator appealed.

*W. Mattocks* for orator.

I. The orator claims a lien upon the land, as against Donald McDonald.

1. Because he furnished the money to pay off the Sommers mortgage at the request of Donald ; and therefore, in equity, he stands in the place of Sommers.

2.  Because the giving the new note for the balance of the old note does not, in equity, release the mortgage; the new note is neither a payment, a release, nor a discharge of the debt, and the debt is the substance of the mortgage, or lien, upon the land; the note is only evidence of the debt, which debt is admitted by Donald. *Dana* v. *Binney et al.*, 7 Vt. 493.

The orator charges that Donald fraudulently intended that the new note should discharge the mortgage. This is denied by Donald, and *is not proved.*  So Donald, after the admission before stated, and the denial of the other matters stated in the bill, goes on to say that the note was reluctantly given by him at the orator's request, they both understanding that the mortgage would thereby be discharged.  This is not evidence in the case, because it is not responsive to the bill,—neither to the body of the bill, nor to the interrogatories.  The case, then, is, that the parties exchanged the old note for the new one, with no *proof* of the intentions of either.  But the fair presumption is, that the orator did not intend, by taking a new note from his debtor, to discharge or give up his lien upon the land; and there being no discharge of record confirms this view.

II.  Gray, the other defendant, should be considered as standing on the same ground as Donald.  He admits that he fully knew of the orator's mortgage, had seen it on record, and knew that it was not discharged of record.  Besides, it is evident, from his answer, that he not only knew that it was not discharged of record, but that he also did not suppose that it was paid off, but supposed that the changing the notes would vacate the mortgage.  If he was right in this, it was scarcely equitable to take a mortgage, not to secure a debt, but to loan money; and if he was wrong in his law opinion, his mortgage must be postponed.  The solicitor, who drew his answer, would not have allowed him to use the word " *settled,*" if he could have sworn that he had heard that the mortgage had been *paid.*

*E. Farr* for defendants.

The case stands on bill and answers; consequently the facts set up in the answers, so far, at least, as they are responsive to the statements of the bill, will be taken to be true.

McDonald *v.* McDonald et al.

The mortgage debt of $160 was discharged, and the note of $84 was not put in its place by agreement of the parties. So the mortgage is discharged. There must be *proof* of an express agreement to substitute the new note for the old, in the mortgage, to hold it here. The giving up and cancelling a note, and taking a new one, is, in this state, evidence that the first debt is settled, and is conclusive without more.

Gray was informed of the discharge of the first note, and had a right to consider the premises free. He acted in good faith and should be protected.

The opinion of the court was delivered by

REDFIELD, J. This case seems to have been decided in the court of chancery upon the ground that the answers were not traversed,—which would make them evidence to their full extent; and as in this case the answer of Donald McDonald insists that the exchange of notes was made with the express agreement that the orator should release his claim upon the land, there could, in that view of the case, be no doubt as to the defendants' right to a decree. But, it now appearing that the answers were traversed, it becomes necessary to inquire how far the answer is responsive to the bill. What is responsive to the bill will be determined by the bill, and not by the interrogatories. Those can neither limit nor extend the defendants' obligation to answer.

In general, the orator may read any portion of the defendant's answer as evidence, without making any other portion of the same answer evidence in favor of the defendant. It is said in some of the cases that the orator has no right to select parts of sentences, but must take entire sentences. This may be true, if, by taking parts of a sentence, the sense is perverted, or rendered uncertain; but beyond that I do not think the rule can be made of much significance, although found in the elaborate opinion of the chancellor in the well known case of *Hart* v. *Ten Eyck*, 2 Johns. Ch. R. 62, at the 91st page. The truth is, that in chancery the answer is to be considered as a plea, and, so far as any fact is admitted, it is evidence against the defendant; but when any new fact is alleged by way of avoidance of the matter charged in the bill and admitted in the answer, it stands like any other plea, and must be proved. See

the last case cited, and the elaborate note of the chancellor, for a digest of the most important cases bearing upon this subject.

In the present case the bill charges that the new note was substituted for that described in the mortgage ; the defendant, in his answer, admits this,—but farther alleges that this was done with the express agreement that the mortgage should be released. This latter is an affirmative allegation, in avoidance of the matters alleged in the bill and admitted in the answer, and, as such, required proof.

The admission in the answer of the substitution of one class of notes for the other is not sufficient to release the mortgage security, either as to the mortgagor, or attaching creditors. *Dana et al.* v. *Binney et al.*, 7 Vt. 493. And we do not perceive why Gray should stand in any better condition than an attaching creditor.

But, as the traverse in the case does not appear to have been filed in time, under the rules, or by any special order of the court, and as there does not seem to have been a full understanding of the parties in regard to the state of the case, when it went to a hearing, it is not thought best to award a peremptory mandate to the court of chancery in regard to the future disposition of the case, as is usual in this court.

The decree of the chancellor is reversed, and the case remanded to the court of chancery, with directions to pass a decree for the orator, according to the prayer of the bill, unless, for sufficient cause shown, that court shall be of opinion that it is equitable to allow the defendants to take testimony in support of their answers.