DAY *v.* PATTERSON.

It is probably a rule of law that, when a mortgagor sells the equity of redemption in the lands mortgaged, at different times, to different purchasers, the first of such purchasers may compel the mortgagee to exhaust the portions later sold before selling his.

The owners of the different parcels of the mortgaged property are necessary parties to a suit to foreclose the mortgage, and if not made parties, and the property is sold on a foreclosure, they might probably, on a bill filed on their own behalf, obtain a decree for a re-sale.

It is settled in this State that a party may sue on a promise made to a third person for his benefit.

In equity time is not of the essence of the contract.

APPEAL from the *Clark* Circuit Court.

PERKINS, J.—Suit to quiet title. Judgement for the defendant. The case is as follows:

*Ezekiel R. Day* filed his complaint in the *Clark* Circuit Court, alleging that he was the owner, by purchase from *Marsh* and *Kiger,* of a certain piece of ground containing

Day *v.* Patterson.

about twenty-one acres; that when he purchased and paid for it, at the commencement of his ownership, there was a mortgage upon it, given by said *Marsh* and *Kiger*, to *Wood, Abbott & Co.*, which mortgage covered not only said twenty-one acres, but about 380 acres in addition; that subsequently, said defendant, *Patterson*, purchased the remaining 380 acres of the same grantees from whom the plaintiff had purchased his 21 acres, at which purchase said *Patterson* agreed to pay off said mortgage as a part of his purchase-money—in other words, that *Patterson* bought, subject to the entire mortgage. He further avers that *Patterson* did not pay off the mortgage according to his agreement, but let it be foreclosed, and the entire premises covered by it, including, of course, the 21 acres of the plaintiff, be sold upon the judgment of foreclosure, said *Patterson* himself becoming the purchaser at said foreclosure sale, and receiving a deed pursuant to it; and he further avers that said *Patterson* now pretends to claim title to the entire tract purchased. The plaintiff prays that his title to the 21 acres purchased by him be quieted, &c. Answer in general denial. Trial. Finding for the defendant. Motion for a new trial overruled. Judgment on the finding, and appeal by the plaintiff to this Court.

This suit is in the nature of an old bill in chancery to quiet title and possession, and must be decided in accordance with the rules governing such a proceeding. Bills to quiet title were filed in three classes of cases, and were called, also, bills of peace.

1. Bills to establish a general right, as a right of fishery along a river, as against a number of riparian proprietors. 2 Story's Eq., p. 189.

2. Bills to enjoin further litigation by action of ejectment. at law, to recover possession of property to which a defendant had already repeatedly established his right in such suits. Story, *supra*, p. 194.

Day *v.* Patterson.

3. Bills "to compel a person having a *prima facie* right of action to put it in suit within a reasonable length of time, and in default, to protect the party liable from being molested at law." 1 Spence Eq. Jur., p. 658.

The case at bar falls, perhaps, within the third class, and may be authorized by the code which provides as follows:

"Sec. 611. An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." 2 R. S. p. 168. As to the difference between a bill of peace, and a bill *quia timet*, see 2 Story's Eq. Jur., sects. 701 to 710, 730, 825, *et seq.* And see *Cupps* v. *Irwin*, 2 Blackf. 112, Ind. Dig. p. 70.

What right, then, does the plaintiff show, in this case, to have his title declared valid to the 21 acres described in his complaint, as against the defendant?

1. On the doctrine of marshaling securities. It is probably a rule of law that where a mortgagor sells the equity of redemption in the lands mortgaged, at different times, to different purchasers, the first of such purchasers may compel the mortgagee to exhaust the portions later sold before selling his. If he is, as he properly would be, made a defendant to the bill to foreclose, he should, in that suit, ask and obtain such a decree. If not made a defendant to the foreclosure suit, he might, probably, on a bill filed in his own behalf, obtain a decree for a re-sale. 2 Story's Eq. Jur., sec. 1233, a. *Cohen* v. *Hannegan*, 2 Ind. p. 379; *Roswell* v. *Simonton*, *id.* p. 516; Ind. Dig. p. 78.

The plaintiff has not put his case upon this ground. He has not shown in his bill whether he was a party to the foreclosure suit or not, and, on the trial he did not even give in evidence any decree of foreclosure and re-sale, nor any re-

turn of a sale. He did not make his own deed a part of the complaint, nor did he make other incumbrancers and owners parties.

2. What right can the plaintiff claim under the contract, set out in the complaint, between *Patterson* and the grantees of the equity redemption? That contract was not made with the plaintiff; he was not a party to it, and, hence, he can assert no right on this ground, viz: of a contract with him, or upon which he was induced to act.

That contract was made after the plaintiff purchased his 21 acres, so that it constituted no part of the consideration or inducement to his purchase, and the defendant, therefore, is not estopped to impeach the obligation of that contract upon himself.

But it is settled in *Indiana* that a party may sue upon a promise made to a third person for his benefit. *Bird* v. *Lanius,* 7 Ind. 615; Ind. Dig. p. 67. Was not *Patterson's* promise to pay off the incumbrance upon *Day's* land such a promise? It would seem so. *Day's* grantors were bound to satisfy the incumbrance upon the land sold to him. In a sale to *Patterson* they, in effect, leave with him the amount of money necessary to discharge that incumbrance, as the consideration of his agreement to pay it off, for the benefit of *Day.* If that contract has not been impaired by anything subsequently done or discovered, *Day* may have the benefit of it.

We discover nothing in the evidence invalidating that promise, while it is plainly proved that the promise was made upon a sufficient consideration. It does not appear that it was necessary for *Patterson* to suffer a foreclosure and sale on the mortgage to obtain title. *Marsh* and *Kiger* were ready to make him the title he desired whenever he made the payments required of him. Time is not of the essence of the contract in equity; and, as to technical exactness in the performance of the stipulations of the contract, if *Patterson* was

offered the separate deeds of *Marsh* and *Kiger* directly to him for the land, he was tendered as perfect a title and as valuable a recourse upon warranties, as though *Kiger* had first deeded to *Marsh* and then *Marsh* to *Patterson*. It would have been, in equity, a substantial performance of the contract.

And as the complaint makes the contract, and its performance on the one part, instead of a deed, the foundation of the plaintiff's suit, in connection with the fact of the defendant's now legal title, we incline to think that it is sufficient. The complaint sets out the land which the plaintiff avers he is the owner of; that it was incumbered by a mortgage which he is not in possession of, and which was in the knowledge, and should have been in the possession of the defendant, as he was to take it up, and through which he was claiming title as against the plaintiff, while, the plaintiff avers, that that mortgage, as to him, has been, in equity, satisfied and extinguished, as against *Patterson;* and he asks a judgment to that effect, and an injunction restraining *Patterson* from ever disturbing his possession. We can not bring our minds to the conclusion that equity has been done in this case. We think there ought to be another trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*James Collins, Alfred B. Collins, Thomas L. Smith* and *M. C. Kerr*, for the appellants.

*William T. Otto*, for the appellee.