Wells *v.* Houston.

---

MARTHA WELLS *v.* ISAAC R. HOUSTON.

[IN CHANCERY.]

*Chancery. Practice. Adverse Possession.*

Where the answer is not responsive to the bill, or sets up affirmative allegations in opposition to, or in avoidance of, the plaintiff's demand, and is replied to, the answer is of no avail in respect to such allegations, and the defendant is as much bound to establish the allegations so made, by independent testimony, as the plaintiff is to sustain his bill.

The oratrix claimed title by adverse possession. The defendant, to avoid this title, set up the right of the town to the proprietary right of the first settled minister, and that he entered upon the premises under direction of the town as one of the selectmen. *Held,* that this was not responsive to the bill, and not being sustained by proof, the defendant failed to connect himself with the title of the town, therefore he could not stand upon that title.

BILL IN CHANCERY. The oratrix alleged in her bill that she and those under whom she claimed title, had had and occupied lot No. 1, in the 12th range, belonging to the minister right in the town of Victory, for nearly forty years, claiming to own it and not acknowledging the title of any one else, and that until within the last three years their occupation has been uninterrupted and exclusive; that she and they have made great and permanent improvements on the lot, by clearing, erecting buildings, planting trees, &c.; that in the year 1860, the selectmen of Victory claimed this lot and took charge of the same by virtue of the authority given them in chapter eighty-nine of the Compiled Statutes; that the oratrix claimed to be the owner of the same, and in order to settle and forever determine the title thereto the oratrix and the selectmen made a written submission to the Hon. L. P. Poland, in which they agreed that his award should be final and conclusive, and that they would each abide by the same;

that upon the hearing said arbitrator adjudged that the oratrix, Martha Wells, had acquired a good title to said lot as against the town of Victory; that the defendant, Isaac R. Houston, of Victory, was present, aiding the town in said arbitration, and knew of the award therein; that not content with the decision in relation to the title said town undertook to settle one Jacob Evans, a Methodist deacon, as minister of the town, and through him again claim the lot, and for that purpose commenced a suit in ejectment in the name of Evans against the oratrix; that this suit resulted in a judgment in favor of the oratrix; that Houston was chief advisor of the town in the settlement of Evans and the prosecution of said suit; that the defendant combining, &c., on the 24th of June, 1863, entered upon said lot and cut and carried away a large quantity of timber, and has since then taken away other timber, and threatened to commit such acts upon said land until the oratrix should abandon and give up the possesion thereof to him: and the oratrix prayed for an injunction upon said Houston and his servants, commanding them to desist from cutting timber from said lot, or in any way interfering with the possession of said lot.

The defendant in his answer denied the material allegations of the bill, and for further answer said in substance, that the charter of the town of Victory was granted in 1781; that by said charter certain rights were reserved for certain described purposes; that one right was for the purpose of the settlement of a minister of the gospel; one for the support of the worship of God; and one for the support of schools; that in October, 1798, the proprietors of the township caused the lands for these purposes to be laid out and surveyed according to the directions and authority given in said charter; that lot No. 1, in the 12th range, 2d division, was drawn to the right for the settlement of a minister or ministers; that since the granting of the charter the town has been duly organized as a town by the name of Victory, and that he was one of the selectmen of the town during all the time the oratrix charges him with entering upon the lot, and that by direction of the other selectmen, and under the authority conferred upon selectmen by the statutes of this state, and also by the direction of the inhabitants of the town, he entered upon said lot under said charter, and that this is the right and title under which

the defendant claims to justify his acts in relation to said lot. The answer was traversed, and the plaintiff supported the allegations of the bill by proof. But no proof was offered by the defendant in support of his answer.

The court of Chancery, at the March Term, 1864, POLAND, Chancellor, decreed that the defendant, Houston, be perpetually enjoined from entering upon said lot, or in any way interfering with the possession thereof, and that the complainant recover her costs,—from which decree the plaintiff appealed.

——— *Harvey* and *George N. Dale*, for the defendant.

*William Heywood*, for the oratrix.

KELLOGG, J. The oratrix, in her bill, sets up a right or title to the premises in controversy by occupancy, by herself and those under whom she derives or claims her title, peaceable and uninterrupted, and adverse to all others for nearly forty years. This would make an invincible title against all persons but the true owner. To avoid this title, the defendant, in his answer, sets up the right of the town of Victory to the proprietary right for its first settled minister, granted in its charter, and that the premises in controversy were set to that right in the proprietary division of the town, and that the defendant entered on the premises as one of the selectmen, and by direction of the other selectmen, of the town, in the right and behalf of the town. This defence consists wholly of matter which is new and not responsive to the oratrix's bill; and the defendant's answer is traversed. A ground of defence relied on in the answer, but not being responsive to the bill, must be sustained by proof. Where the answer is not responsive to the bill, or sets up affirmative allegations in opposition to, or in avoidance of, the plaintiff's demand, and is replied to, the answer is of no avail in respect to such allegations, and the defendant is as much bound to establish. the allegations so made, by independent testimony, as the plaintiff is to sustain his bill. *Mott* v. *Harrington*, 12 Vt. 199 ; *Cannon et al.* v. *Norton*, 14 Vt. 178 ; *Lane* v. *Marshall et al.*, 15 Vt. 85 ; *Pierson* v. *Clayes et al.*, 15 Vt. 93 ; *McDonald* v. *McDonald et al.*, 16 Vt. 630 ; *Allen, Adm'r*, v. *Mower*, 17 Vt. 61 ; *Sanborn* v. *Kittredge, et al.*, 20 Vt. 632 ; *Wakeman* v. *Grover*, 4 Paige, 23 ; 2 Daniell's Chancery Pleading and Practice, (Perkins' third Amer. edit.,) 841, *note.* The case stands for hearing

on the bill, answer, and the proofs on the part of the oratrix. The defendant makes no proof whatever to sustain the defence which he sets up. He does not even furnish proof to show that the premises in controversy were set out in the proprietary division of the town to the right of its first settled minister. The mere fact that the lot was called the minister lot does not of itself prove anything more than that this was the *name* of the lot: it does not prove that the lot was allotted to the minister right. As the defendant makes no proof, he does not by proof connect himself with the right or title of the town. The allegations of the bill which are denied by the answer of the defendant are, in substance sustained by the oratrix's proofs. As the defendant fails to connect himself with the title of the town, he cannot stand upon that title, but is to be treated as a stranger intruding upon a party in possession; and the oratrix is entitled to the interference of the court of chancery in her behalf, to prevent a succession of suits, and to suppress useless, vexatious and interminable litigation, arising from a renewal of acts of trespass on the premises threatened by the defendant. 2 Story's Eq. Jurisp., (Redfield's edit.,) §§ 901, 918, 919, 959.

The oratrix by her bill makes her claim not against the town, but against the defendant, who does not by any proof connect himself with the right or title of the town. A part of the court are of the opinion that, after a quiet occupancy for such a length of time as the oratrix has shown in this case, a grant of the legal title to the premises ought to be presumed in her favor. *University of Vermont* v. *Ex'r of Reynolds*, 3 Vt. 542, 558, *et seq.*; but inasmuch as a determination upon this point, or upon the validity of the arbitration and award referred to in the bill, is not necessary to support the judgment now ordered, and as all of the Judges now present concur in this judgment on the other grounds above stated, no opinion is intended to be expressed on those points as the judgment of the court.

The decree of the chancellor in favor of the oratrix, by which she is allowed the relief sought for in the prayer of her bill, is affirmed; and the case will be remitted to the court of chancery for the purpose of perfecting the decree.