ST. ALBANS TRUST COMPANY *v.* MARY E. FARRAR.

[ IN CHANCERY. ]

*Mortgages. Three on the same Property. Two to one Party. A Waiver of one if such was the Intention of the Parties. Priority. Constructive Notice.*

W. gave a mortgage to a Trust Company ; subsequently another to F. ; still later, a third to the same company for the same debt as the first, (the company discharging the first mortgage). When the third mortgage was executed·the property was worth enough to pay all claims against it. After it had greatly depreciated in value, the Trust Company brought this forclosure proceeding against F., who had come into possession. The court find from the evidence that it was the intention of the.company to waive the first, when it received its second mortgage. *Held,*

1. That the bill should be dismissed.
2. Taking a second mortgage on the same property to secure the same debt is a waiver of the first, when such was the *intention* of the parties.
3. It was an abandonment of the first mortgage;—not a substitution of new evidence for a previous, secured debt, as in *Dana* v. *Binney*, 7 Vt. 493, and *McDonald* v. *McDonald*, 16 Vt. 630.
4. The discharge was constructive notice to the defendant that her mortgage was first ; and it would now be inequitable to prefer the claim of the orator to hers, after the property has so depreciated.

THIS cause came on for hearing upon bill, answer, replication and proofs. At the September Term, 1880, ROYCE, Chancellor, *pro forma*, dismissed the bill.

The bill of complaint set forth, that James R. and Harriet N. Watson conveyed to the orator by deed of mortgage executed October 31, 1870, certain land and premises to secure the payment of $2978.50 specified in a written agreement of the same date, signed by said J. R. Watson and the orator.

On the 3d day of November, 1873, said Watsons executed another mortgage to the orator of the same premises to secure the payment of a note bearing date November 1, 1873, for $1800, which was a renewal note for the sum unpaid, secured by the mortgage deed of October 31, 1870.

Trust Company *v.* Farrar.

It is further alleged that said mortgage of November 3, 1873, and the note secured thereby, were taken at the solicitation of the orator, and for its convenience in the transaction of business ; that the orator would not have made said change, if its officers had supposed that the lien by the mortgage of October 31, 1870, would be released ; that the officers and agents of the orator did not know of the existence of the defendant's mortgage on the 3d day of November, 1873, nor until a long time after, and would not have discharged the mortgage of October 31, 1870, and taken the one of November 3, 1873, had they known of it ; that the orators and Watson did not intend to release the mortgage of October 31, 1870, by taking the mortgage of November 3d, 1873.

The orator further set forth that the said Watsons executed to the defendant a mortgage deed of the same premises on the 1st day of May, A. D., 1871, to secure the payment of a note for the sum of $345 and future advances ; and that she is in possession of the same, claiming her rights under said mortgage.

The orator prays that the equity of redemption of the defendant in said premises may be foreclosed.

The above is all of the bill, necessary to understand the ques tions presented to the court. The defendant demurred to the bill, and answered, claiming among other things, that she loaned Watson $647, and that this went to pay the orator's first mortgage ; that her mortgage was known to the treasurer of the Trust Company when the last one was given, November 3d, 1873. The following is a copy of the discharge on the town records : "The notes secured by this mortgage have been paid by renewal, and this mortgage is therefore hereby discharged."

*H. C. Adams*, for the orator.

This allegation of the answer is upon information and belief, and is not evidence for the defendant. *Loomis* v. *Fay*, 24 Vt. 240. The transaction of November 3, 1873, did not extinguish the *debt*. A mortgage is given to secure the *debt*, not the *evidence* of it. Hilliard Real Prop. vol. 1, 616.

What constitutes such a payment is illustrated by the case of a vendor's receiving bills for the purchase-money, signing a receipt

for the amount as cash, and actually conveying the estate as upon payment; Sugden on Vendors, vol. 2, 385; *Manley* v. *Slason*, 21 Vt. 271, decided just before the abrogation by statute of the vendor's lien.

As between the orator and third persons, the parties would not stand upon the record if the third party had actual notice of the real situation. Not having notice of the real situation, third persons, misled by the record and making advances upon the strength of it, are protected. The transaction, then, does not extinguish the original *debt* nor the security for it. *Gregory* v. *Thomas*, 20 Wend. 18; *Davis* v. *Maynard*, 9 Mass. 246; *Seymour* v. *Darrow*, 31 Vt. 122; *Lasell* v. *Burnett*, Blackf. (Ind.) 150; *Packard* v. *Kingman*, 11 Iowa, 209; *Bruce* v. *Nelson*, 35 Iowa, 157; *Gregory* v. *Thomas, supra;  Shaver* v. *Williams*, 87 Ill. 469.

Upon this question the *intention* of the parties is, of course, material. *Dana* v. *Binney*, 7 Vt. 493; *McDonald* v. *McDonald*, 16 Vt. 630; 1 Ves. Sen. 317.

*Wilson & Hall*, for the defendant.

The orator cannot predicate any right of recovery or relief upon his own negligence in not ascertaining that which he might have done had he been in the exercise of ordinary diligence. Gen. Sts. c. 65, s. 29; Jones on Mort. ss. 927, 948, 966, 969; *Stearnes* v. *Godfrey*, 16 Me. 158; *McDaniels* v. *Bank of Rutland*, 29 Vt. 230.

That the orator did not understand the legal effect of taking the new mortgage and cancelling the old one is immaterial. *Fletcher* v. *Jackson*, 23 Vt. 596; *Proctor et al.* v. *Thrall et al.*, 22 Vt. 267. The discharge upon the record was notice to all parties interested, or that might become interested, in the mortgaged premises, that the lien created by the mortgage of October 31, 1870, had been removed.

The opinion of the court was delivered by

ROYCE, J. Upon the pleadings and proofs we are satisfied that when the mortgage of November 3d, 1873, was given by James R. Watson and wife to the orator, to secure said Watson's note of

that date made payable to the orator, the note so given was to be in payment of the pre-existing obligations that the orator had held against Watson, and which were secured by the mortgage of October 31, 1870. The facts, that the last-named mortgage was discharged of record, and that a new mortgage was taken to secure the $1800 note, and that the previous mortgages are shown to have been worth much more at that time than the amounts due to the orator and the defendant, are pertinent as showing what the understanding of the parties to the transaction was. It was not the substitution alone of new evidence of a previous, secured indebtedness, as was done in *Dana* v. *Binney*, 7 Vt. 493, and *McDonald* v. *McDonald*, 16 Vt. 630; but new security was taken; and what was done, was in its legal effect an abandonment or waiver of the previous security.

There is no principle of equity law with which we are acquainted that would warrant the court in holding that the mortgage of October 31, 1870, can be upheld and made available as a security for the indebtedness secured by it, or for the $1800 note secured by the mortgage of 1873.

It has been decided by the Supreme Court of Massachusetts in the case of *Childs* v. *Stoddard*, reported in The Reporter of April 6th, 1881, that, when A. took a new mortgage from B. which was erroneously ante-dated several years, and afterwards, to cure the defect, took a second mortgage on the same property from B. to secure the same debt, discharging the first mortgage on the record and surrendering the mortgage note, he could not enforce the second mortgage against C., who in good-faith had taken an intervening mortgage, which had been duly recorded, although A. supposed his second mortgage would not be affected by the mortgage to C.

There is another reason why the orator is not entitled to the relief prayed for. The premises, when the mortgage of 1873 was executed, are shown to have been an ample security for the debts of the orator and the defendant. The orator alleges that at the time of filing its bill (March 1st, 1880) they were an inadequate security for its debt alone. The defendant had the right to pay the orator's mortgage, if necessary for her own security.

35

The record was constructive notice to her that the mortgage of 1870 was discharged, and the discharge of that mortgage left hers the first mortgage upon the property. Without any other notice shown to her than what was furnished by the record after the property has so depreciated in value, it would be inequitable to deprive her of her security by preferring the claim of the orator to hers.

The decree of the Court of Chancery dismissing the bill is affirmed, and cause remanded.