LANE v. SOVERIGN et al.

*(Circuit Court, N. D. Illinois.   April 21, 1890.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PLEADING.
> Defendants' answer to a bill charging the infringement of complainant's patent for making oil-cans alleged that the cans were made in accordance with a patent issued 20 days before that of complainant, and admitted that the first claim of complainant's patent was similar to the first patent. The cause was heard on the bill, answer, and replication. *Held,* that the admission of infringement was complete, and must be taken as true, and the affirmative averments avoiding the effect of the admission are of no avail without proof.

In Equity.
*L. L. Morrison,* for complainant.
*Banning, Banning & Payon,* for defendants.

BLODGETT, J.   This is a bill in equity charging defendants with the infringement of letters patent No. 387,426, granted August 7, 1888, to the complainant for an oil-can, and praying for an injunction and an accounting for profits and damages.   Defendants answered, admitting the issue of the letters patent in question to complainant, as alleged in the bill, but insisted on proof as to whether complainant was the original and first inventor of the improvement described and claimed in the patent.   Defendants also, by their answer, denied that they were, at the time of making such answer, engaged in manufacturing or selling any oil-cans which contained or embodied the invention described and claimed in the patent.   Defendants further, by their answer, admitted that they had, before making such answer, manufactured and sold 837 cans, made substantially in accordance with letters patent No. 386,439, dated July 17, 1888, and as to such cans defendants admitted that they contained the features and combinations described in the first claim of complainant's patent.   Complainant filed a replication to this answer, and the suit was brought to hearing upon the bill, answer, and replication, and a stipulation to the effect that complainant might, upon the hearing, introduce in evidence an ordinary printed patent-office copy of complainant's patent, drawings, and specifications, instead of the original, or a certified copy thereof, and on the hearing complainant exhibited an office copy of his patent, which was duly received and considered in evidence.

The production of a copy of the patent in evidence, under the stipulation, I think raises the presumption that complainant was the first inventor of the device thereby patented; and so much of the answer as denies the allegation of the bill that defendants are now engaged in manufacturing cans in violation of complainant's patent is, I think, responsive to the bill, and must therefore be considered as true.

I now come to the consideration of the effect of the admission in the answer of the manufacture of the 837 cans.   This answer admits, in effect, that defendants have made 837 cans which contain the features of the first claim of the complainant's patent; but defendants insist that

said cans were made in accordance with the specifications of a patent 20 days prior in date to the complainant's patent. This is equivalent to saying to complainant, by the answer, "I infringed the first claim of your patent, but was justified in doing so, because your patent is anticipated by an older patent, and therefore void."

The admission of infringement is complete. The pleading or setting up of an older patent was new matter, which the defendants were bound to prove, if they are to be protected by it; and the mere statement of the defendants that such older patent exists, and that it describes the complainant's oil-can is not sufficient. The older patent should have been put in evidence, so that the court might determine whether it so far described complainant's device as to defeat his patent. Possibly it might appear from the dates of the applications for the two patents that the one last issued was in fact first applied for, or the complainant, on the introduction of the older patent, might have shown by the proof that he was the first to make the invention, and hence entitled to the device covered by the first claim, as against one claiming protection from a patent older in date. The law in regard to the effect of admissions in the answer when a replication is filed is, I think, that so much of the answer as is directly responsive to the charges in the bill is to be taken as true; but any new matter pleaded by way of defense to the charges admitted to be true is affirmative matter, which the defendant is bound to prove where a replication is filed. In Daniells' Chancery Practice, (Perk. 4th Amer. Ed. vol. 1, p. 844, note 7,) it is said:

"Where, however, the answer of the defendant is not responsive to the bill, or sets up affirmative allegations of new matter, not stated or inquired of in the bill, in opposition to, or in avoidance of, the plaintiff's demand, and is replied to, the answer is of no avail in respect to such allegations, and the defendant is as much bound to establish the allegations so made by independent testimony as plaintiff is to sustain his bill. \* \* \* But when the case is heard upon a bill and answer alone, the answer must be taken as true, whether responsive to the bill or not."

So also in *McDonald* v. *McDonald*, 16 Vt. 630, it is said:

"A fact alleged in the bill and admitted in the answer is established, but every fact alleged in the answer in avoidance of such fact must be proved l'ke the bill, if the answer is traversed."

And in *Wakeman* v. *Grover*, 4 Paige, 23, it is said:

"Where a replication has been filed, allegations in the answer not responsive to anything in the bill cannot benefit the defendant at the hearing."

There will, then, be a decree for the complainant, and a reference to a master to ascertain and report as to the profits and damages complainant is entitled to from the manufacture of the 837 infringing cans which defendants admit they have made.