STARR AND RICE *against* VANDERHEYDEN.

STARR *against* THE SAME.

ALBANY,
August, 1812.

STARR
v.
VANDERHEY-
DEN.

MOTIONS were, made in behalf of the defendant, for relief against the judgments entered up by confession, on bonds and warrants of attorney in the above causes, and several others against the same defendant. The affidavits were numerous, and the grounds of relief suggested, various and special. It is necessary only to state, in regard to one point decided, and in order to show how far the court interferes to prevent any oppression on the part of attorneys, that in the above two causes, the plaintiffs were attorneys, and the defendant their client, and part of the demands for which the judgments were entered was for their costs.

*Mitchell*, for the defendant.

*Russell* and *Starr*, contra.

*Per Curiam.* The court, from general principles of policy and equity, will always look into the dealings between attorney and client, and guard the latter from any undue consequences resulting from a situation in which he may be supposed to stand unequal. The court acknowledge the justness and application of the doctrine laid down by Lord *Loughborough*, in *Newman* v. *Payne*. (2 *Vesey*, jun. 199.) The judgment obtained by an attorney from his client by confession, must only stand as a security, for what is actually due. In order to enforce this principle, without intending any censure upon the attorneys in this case, the court direct the following rule:

"That it be referred to the clerk of this court, to inquire into the consideration of the bond on which judgment has been entered on warrant of attorney; and that the plaintiff, on such inquiry, shall adduce proof of the consideration of the notes attached to the bonds, and for what causes, and under what circumstances, the notes were given and executed by the defendant, or answer himself to such interrogatories as shall be exhibited. It is further ordered, that it be referred to the clerk, to tax the plaintiffs' bill of costs in the said causes, to secure the payment

*The court, from general principles of equity and policy, will always look into the dealings between attorneys and their clients, and guard the latter from any undue consequences resulting from a situation in which they may stand unequal. And where a judgment was entered by an attorney on a bond and warrant by confession, against his client, and part of the sum for which the judgment was given, included costs, the court directed the clerk to inquire into the consideration of the bond, and to require the attorney to adduce proof of the consideration, or answer to interrogatories on oath; and the costs included in the bond to be taxed, and to make report thereon to the court, and, in the mean time, all proceedings on the judgment to be stayed.*

ALBANY,
August, 1812.

of which the bond and warrant of attorney on which the said judgment was entered, were given; and that the clerk give notice to the parties of the time and place of his proceedings under these orders, and that he report thereon to this court, and that in the mean time all further proceedings therein be stayed."