MECHANICS'
BANK
v.
HAZARD.

*J. Duer*, for the plaintiff.

———————————————

MECHANICS' BANK *against* HAZARD, BAIL OF HAZARD.

Where a de-
fendant, after
verdict, ob-
tained leave to
plead his dis-
charge under
the insolvent
act, *puis dar-
rein continu-
ance* on pay-
ment of costs,
but neglected
to comply with
the condition
of the rule,
and judgment
was perfected
against him,
it was held
that he could
not, after-
wards, avail
himself of his
discharge;
and the court
would not,
therefore, on
motion of his
bail, order an
*exoneretur* on
the bail piece.

HOFFMAN, for the defendant, moved for leave to enter an *exo-
neretur* on the bail piece, in this cause, on two grounds :

1. That the principal had been discharged under the insol-
vent act.

2. That the plaintiff had been paid and satisfied by an endorsor
of the same note, on which the suit was brought against the prin-
cipal.

It appeared that the principal was the maker of a promissory note,
payable to one *Patten*, and by him endorsed to one *Miller*, who
endorsed the same to the plaintiffs, and that in the suit against the
principal, as maker, an inquest was taken by default, at the last
*November* sittings in *New-York*. After the commencement of the
sittings, and previous to taking the inquest, the principal was dis-
charged under the insolvent act.

An application was made by the principal, at the last *January*
term, for leave to plead his discharge, *puis darrein continuance*,
which was granted, on payment of the costs of the sittings, and of
the motion. The costs were duly taxed, and the payment de-

If the debt in the suit against the principal has been paid, that is matter to be pleaded by the
bail, and not ground for their relief, on motion.

1

manded of the attorney of the defendants, and refused. Judgment was thereupon perfected in the suit against the principal, the 29th *April* last. *Miller* and *Patten* having been separately sued as endorsors on the same note, *Miller* paid the debt to the plaintiffs; and *Patten* afterwards repaid the amount to *Miller*, and the costs of the suit against him. *Patten* also paid the costs of the suit against the principal, and the costs of the motion made by him for leave to plead his discharge; and the judgment was held, by an agreement with the attorney of the plaintiffs, for the benefit of *Patten*, though there was no regular assignment of the judgment to him. *Miller* was present when it was agreed that the judgment should be kept on foot by the plaintiffs, for the benefit of *Patten*, and he expressed no dissent to the arrangement.

NEWYORK,
Oct. 1812.

MECHANICS'
BANK
v.
HAZARD.

The *capias ad respondendum* against the present defendant was returnable on the first day of last *August* term.

*Hoffman* contended, that the principle settled by the *English* practice, and which had been recognised by this court,[*] was, that if the bail were at any time entitled to have an *exoneretur* entered on the bail piece, such right continued while the suit was pending against them, though eight days after the return of the *capias* had expired before they made application for relief. If application had been made at the last *January* term, for the relief of the bail, on the ground of the principal's discharge, under the insolvent act, the relief would have been granted of course; and the only penalty the bail had now incurred, by the delay, was being subject to the payment of costs.

[*] *Seaman* v. *Drake*, 1 *Caines' Rep.* 9. *Olcott* v. *Lilly*, 4 *Johns. Rep.* 407.

The debt having been satisfied by one of the parties to the note, it must enure to the benefit of the others. Here was no regular assignment of the judgment, which distinguishes it from the case of *Clason* v. *The Assignees of Sands*, decided at the last session of the court of errors. This, also, is an application in behalf of bail, towards whom the court are always indulgent.

*T. A. Emmet*, (Attorney-General,) contra. The principle on which the court order an *exoneretur* on the bail piece, where the principal has been discharged under the insolvent act, is, that it would be useless to have a formal surrender made, since the principal would be immediately entitled to a discharge. But that is not the present case, as the principal could not avail himself of the benefit of his discharge, under the insolvent act, on account of his

own *laches*, in neglecting to comply with the order of the court, giving him leave to plead his discharge.

A formal assignment of the judgment was unnecessary; and if it was requisite, a court of equity could compel its execution.

*Per Curiam.*  The *laches* of the principal in this case precludes him from availing himself of his discharge, in the suit against him.  The reason, therefore, of ordering an *exoneretur* on the bail piece, on the ground of the principal's being discharged under the insolvent act, which is merely to prevent unnecessary circuity, does not apply in this case.  If the bail neglect to apply in season for relief, it is at their peril.  If the debt in the suit against the principal has been satisfied, that is matter which the bail must plead.  The motion must be denied.

Motion denied.