POST, *Survivor*, &c. *against* J. RILEY.

Though a discharge under the insolvent act of this state, so far as it attempts to discharge the party from a contract, made previous to the passing of the act, is unconstitutional and void; yet the defendant may avail himself of it, to protect his *person* from imprisonment; but he must plead it specially for that purpose; and if he neglects to do so, and suffers a judgment to pass against him, his *bail* cannot be relieved, on the ground of the discharge, on *motion*.

THE plaintiff brought an action of covenant against *Riley*, for the non-payment of rent, on a lease dated *February* 3, 1807, due the 1st day of *May*, 1812. The defendant on the 1st *May*, 1812, obtained his discharge, under the " *act for the benefit of insolvent debtors and their creditors*," passed *April* 3, 1811. (sess. 34. ch. 123.) The defendant was arrested on a *capias ad resp.* returnable in *May* term, 1817, and put in special bail. To the declaration filed in the cause, he pleaded, 1st, The general issue ; 2nd, His discharge under the act. On the 3d *March*, 1819, the plaintiffs demurred to the plea of the discharge, and the defendant joined in the demurrer ; and in *May* term following, judgment was given for the plaintiff on the demurrer. The cause was tried in *November*, 1819, on the general issue joined, and a verdict found for the plaintiffs, on which a judgment was entered, and docketted in *January* last. A *fi. fa.* was issued to the sheriff of *New-York*, who returned *nulla bona*. A *ca. sa.* was thereupon issued, which was returned *non est inventus*. An action of debt, on their recognizance, was then brought against the bail, the process being returnable at this term.

*T. A. Emmet*, in behalf of the bail, now moved, that an *exoneretur* be entered on the bail piece, on the ground that the defendant had been duly discharged under the insolvent act of 1811. He contended, that although the Supreme Court of the *United States*, in the case of *Sturges* v. *Crowninshield*, (4 *Wheat. Rep.* 122.) had decided that the insolvent act of 1811 was unconstitutional, so far as it discharged the party from the debt or contract ; yet, that case, as well as the decisions of this court, supported the discharge, so far as it liberated the person of the debtor from imprisonment and arrest. (*Mather* v *Bush*, 16 *Johns. Rep.* 233. *Roosevelt* v. *Cebra*, 17 *Johns. Rep.* 108.) The bail, therefore,

who are responsible only in case the defendant is not sur-

rendered within the time allowed by the rules of the court, ought to be relieved.

*J. T. Irving*, contra, contended, that the discharge of the defendant, so far as it protected his person from arrest or imprisonment, ought to have been specially pleaded ; and that the bail could not avail themselves of it, on motion. That the discharge under the act of 1811, was pleaded as an absolute discharge of the debt, and being demurred to on that ground, judgment was given for the plaintiff. Independent of the *laches* of bail, in not seeing that the defendant had the plea amended, and pleading the discharge as to his *person*, the case is analagous to that of *Clarke* v. *Hoppe* and another. (3 *Taunt.* 46.) There the defendant having become bankrupt, and obtained his certificate, afterwards suffered judgment to be signed for want of a plea, and the plaintiff, after judgment and execution, proceeded against the bail; and the court of *C. B.* refused to relieve them on motion. (*a*)

*Per Curiam.* The defendant, although his plea of discharge, so far as it went to his *absolute* discharge from the debt, was overruled, ought to have pleaded it specially, in discharge of his person from arrest and imprisonment, which is the proper mode of availing himself of it. The motion must be denied.

Motion denied.

(*a*) Vide *Mechanics' Bank* v. *Hazard*, 9 *Johns. Rep.* 392. *Olcot* v. *Lilly* 4 *Johns. Rep.* 407.