ALBANY,
Feb. 1827.

Campbell
v.
Palmer.

Money collected by an attorney for his client, must be demanded before the client can move for an attachment for its non-payment.

## Campbell *against* Palmer.

Though a defendant be discharged under the insolvent act, if he have time to plead the discharge, but omit to do so, an exoneretur will not, after judgment, be ordered in favor of his special bail, on account of the discharge.

They must surrender in the ordinary way.

MOTION, in behalf of *Norton*, the special bail of the defendant, *Palmer*, that an *exoneretur* be entered on the bail piece. On the 4th of *April*, 1826, *Palmer* was discharged under the insolvent act to abolish imprisonment for debt in certain cases. He omitted to plead his discharge; or avail himself of it in any way. The cause was tried on its merits in *August* last, a verdict found for the plaintiff, and judgment perfected in *October* term thereafter. No suit had been brought against the bail.

*S. A. Foot*, for the motion, cited 4 *John. Rep.* 409; 14 *East*, 599; 1 *Caines*, 9, 11; 2 *John. Cas.* 403; 1 *Burr.* 244; 2 *John. Rep.* 101; 1 *Dunl. Pr.* 209; 1 *Cowen*, 165; id. 42; 5 id. 289.

*B. F. Butler*, contra, cited 18 *John. Rep.* 54; 9 *id.* 392; 1 *Cowen*, 427.

*Curia.* *Post* v. *Riley*, (18 *John.* 54,) and *Mechanics' Bank* v. *Hazard*, (9 *id.* 392,) are in point against the application. The discharge should have been pleaded, being long before judgment. This not being done, the defendant cannot avail himself of it, and the bail are concluded. They must discharge themselves in the ordinary way, by surrender. (*Franklin* v. *Thurber*, 1 *Cowen*, 427.)

Motion denied.