## JOHN FOORD'S CASE.

Where a prisoner under an execution has been discharged by taking the poor
debtor's oath, and a suit has been afterwards brought against him upon the
judgment, and judgment rendered in the second suit upon default, it is ir-
regular to take out execution on the second judgment against the body, and
such execution will, if there be no dispute as to the regularity of the dis-
charge from the first execution, be set aside on motion.

It is not necessary in this state to plead a discharge by taking the poor debtor's
oath in bar of an execution against the body in a suit upon the judgment.

THE court sitting this term at Plymouth, and John
Foord, a prisoner in the goal at Haverhill, in this county,
having been brought into court upon a *habeas corpus* is-
sued on the motion of his counsel, it was moved, on his
behalf, that the execution, by virtue of which he had been
committed to prison, should be set aside for irregularity,
and that he should be discharged from imprisonment.

It appeared, that at the November term of this court here, 1829, John S. Wright recovered judgment against Foord for $339,31, debt, and $59,36, costs of suit, and that on the 16th November, 1829, execution issued, by virtue of which Foord was committed to prison on the 30th November, 1829.

On the 10th February, 1830, Foord, having taken the poor debtor's oath, was discharged from his said imprisonment.

After this, Wright having brought an action of debt upon the said judgment against Foord, at the May term of this court here, 1830, recovered judgment, on default, for $411,83 debt, and $14,05 costs of suit. An execution on this last judgment was issued against the body of Foord on the 17th May, 1830, by virtue of which he was again arrested and committed to prison in Haverhill, on the 16th September, 1830.

*Bell*, on behalf of Wright, the creditor, contended, that Foord, having been defaulted, and made no objection to an execution against his body, the plaintiff had a right to such an execution. Foord should have appeared and pleaded his discharge in bar of an execution against his body, and having neglected so to do, he must be considered as having waived the exemption.

He also insisted that Foord was not entitled to be discharged in this mode. The proper remedy was an *audita querela*, or a new trial.

*Woodbury*, for Foord, argued, that Wright was bound to take out a proper execution at his peril, and having taken out an execution against the body, when by law the body was exempted, the proceedings were irregular and ought to be set aside.

In the course of the argument, the following authorities were cited. 3 Johns. 523, *Read* v. *Murkle* ; 4 ditto, 189, *Caverly* v. *Nichols, & a* ; 13 ditto. 378, *Scott* v. *Shaw* ; 2 Chitty's Pl. 430 and 596 ; 7 Johns. 426, *Reed* v. *Pruyn et a* ; 18 ditto, 305, *Bank of the U. S.* v. *Jenkins* ; 4 Mass. Rep. 482, *Johnson* v. *Harvey*.

J. Foord's
Case.

*By the court.* It is not disputed in this case, that the prisoner was regularly discharged from his imprisonment, under the execution which issued upon the first judgment by taking the poor debtor's oath ; and the question is, whether, in order to protect his body from arrest, it was necessary that he should plead, in the action upon the judgment, his discharge in bar of an execution against his body ; or whether the plaintiff was bound at his peril to take out a proper execution upon the second judgment ?

On behalf of the creditor, it is insisted, that the debtor ought to have pleaded his discharge ; and not having done this, he has lost the benefit of it ; and the practice of the English courts, under the statutes of insolvency, is supposed to sustain this course.

It is very clear, that in England, and in New-York, it is necessary, in certain cases, to plead a discharge under statutes of insolvency in bar of an execution against the body.  3 Cowen, 13, *Robertson* v. *Crowell* ; 6 ditto, 596, *Campbell* v. *Palmer* ; 1 Johns. Cases, 133, *Valkenburgh* v. *Dederick* ; 8 East, 55, *Bell* v. *Saunderson* ; 1 D. & E. 81, *Buxton* v. *Murdin* ; 3 Taunt. 237, *Winstanley* v. *Head* ; 18 Johns. 54, *Post* v. *Riley.*

But in New-York, where a party has had no opportunity to plead his discharge, he may be relieved upon motion.  4 Johns. 191, *Baker* v. *the Judges of Ulster county* ; 1 Cowen, 165, *Baker* v. *Taylor* ; 1 Cowen, 42, *Palmer* v. *Hutchins.*

When, however, the validity of the discharge is in question, the court will not, in New-York, try the validity upon affidavits.  9 Johns. 259, *Noble* v. *Johnson.*

And in England, the courts relieve, upon motion, in some cases, a prisoner who has been arrested after a discharge under an act of insolvency.  3 Bos. & Pul. 394. *Sharpe* v. *Iffgrave* ; 3 B. & P. 185, *Edmunson* v. *Parker* ; 8 D. & E. 49, *Kinnaird* v. *Barrow.*

In this state, and in Massachusetts, when a prisoner

has been liberated from imprisonment upon an execution by taking the poor debtor's oath, and a suit is to be afterwards commenced upon the judgment, the practice has been to sue out a writ, directing the sheriff to attach the goods and estate of the debtor, and summon him to appear and answer to the action; and after judgment, to take out execution against the goods and estate, and not against the body of the debtor. 3 Mass. Rep. 193, *Cook* v. *Gibbs*; 1 Pick. 497, *Wellington* v. *Stearns*.

We are not aware, that it has ever been held necessary that a debtor, who has been thus discharged, should, in a subsequent suit on the judgment, plead his discharge in bar of an execution against his body. The settled practice is, to let the plaintiff take out a proper execution at his peril.

If, in this case, there was any dispute as to any fact essential to the validity of Foord's discharge, we might, perhaps, be disposed to leave him to his remedy by *audita querela*. 2 Saund. 148, and note 1; Com. Dig. " *Audita querela*;" 10 Mass. Rep. 101, *Lovejoy* v. *Webber*; 14 ditto, 443, *Little* v. *Newburyport Bank*; 17 ditto, 153, *Brackett* v. *Winslow*; 4 Burr. 2287.

But the validity of his discharge is not questioned, and we have no hesitation in setting aside the execution on motion.

*Execution set aside, and prisoner discharged.*