Steward *v.* Green.

---

### STEWARD and others *vs.* GREEN and BANNISTER.

A mere technical error in drawing up an order, which error would have been corrected as a matter of course, upon a suggestion to the court below, will not affect the right of the respondent to costs upon an appeal from the whole order; although such technical error in the order is corrected upon the appeal.

Where an action is pending in the supreme court, at the time of the discharge of one of the defendants therein under the bankrupt act, and the defendant, who is discharged, afterwards suffers a joint judgment to be taken against him and his co-defendant, instead of applying to the court for leave to set up his discharge, as a bar to the further continuance of the suit against him, it *seems* he cannot set up his discharge under the bankrupt act, in opposition to an application for the appointment of a receiver in a creditor's suit, in the court of chancery, founded upon such judgment.

This was an appeal from a decretal order of reference, to appoint a receiver of the property and effects of the judgment debtors, upon a creditor's bill, and to examine the appellants on oath.

*J. Ganson*, for the appellants.

*B. Slosson*, for the respondents.

THE CHANCELLOR. The objection of the respondent, that the appellants have not filed a certificate of probable cause, as required by the 116th. rule, is not available here for any purpose, as an objection to the regularity of the appeal. The only consequence of not filing the certificate is that the appeal does not stay the proceedings, on the order of reference to compel the assignment of the property of the appellants, and to appoint a receiver, &c.

The bill was sufficiently verified. The complainants' solicitor swears that the bill is true, to the knowledge of the deponent, except as to the matters which are therein stated to be on his information and belief. And if, as the counsel for the appellants insists, there is nothing stated in the bill on the deponent's information and belief, then the effect of the affidavit is that every thing alleged in the bill is true, of the deponent's own knowledge. The probability is that the deponent has verified the bill rather more strongly than he intended to do, instead of not swearing to enough.

The objection that it does not appear that the judgment was docketed, is not well taken. The real estate, of the defendants in a judgment of the supreme court, may be sold on execution, where the judgment is not docketed in the county clerk's office, notwithstanding the docketing is necessary to obtain a lien as against third persons. (*Youngs* v. *Morrison,* 10 *Paige's Rep.* 325.) Here the bill shows that an execution has been issued against the real as well as the personal estate of the judgment debtors, and that it has been returned unsatisfied. That is sufficient. For it appears that both the judgment debtors

resided in the county to which such execution was issued. And if they had any real property there, the execution would have reached it.(*a*)

The discharge of the defendant Bannister, under the bankrupt act, more than a month before the recovery of the judgment against him, cannot avail him in this court, while that judgment remains in full force. It appears, by his affidavit, that his counsel thought fit to argue the case in the action against him, in the supreme court, after this discharge was obtained; instead of applying to that court for leave to plead his discharge in bar of the further continuance of the suit as to him. And judgment having been given against the defendants jointly, upon that argument, the complainant was probably bound to make them both parties to this suit. The case of *The Mechanics' Bank* v. *Hazard,* (9 *John. Rep.* 392,) shows that if Bannister wished to avail himself of a discharge which had been obtained before judgment against him, he should have applied to set up his discharge, as a defence, in the supreme court. And having neglected to do so, this court cannot grant him relief, while the judgment, recovered against him subsequent to the discharge, remains in full force. It is not necessary, however, to pass upon that question definitely at this time. For the affidavit, in opposition to that motion, does not disclose all the facts necessary to enable this court to say whether the discharge would have been a valid bar to this suit, even if it had been obtained after the judgment. Here the defendant Bannister should at least have applied to set aside the execution, if it was irregular to issue it on the judgment which was recovered subsequent to his discharge.

The complainant's solicitor, in drawing up the order appealed from, inadvertently inserted a direction to examine the defendants, in conformity to the provisions of the 191st rule; instead of confining their examination to the property, &c., which they were directed to assign to the receiver. This was a mistake, which would have been corrected of course upon a mere suggestion to the vice chancellor. This objection, therefore, which

(*a*) See *Corey* v. *Cornelius,* (1 *Barbour's Ch. Rep.* 571.)

is formal, will not be allowed to affect the question of costs upon this appeal from the whole order. The order of reference must be modified, by striking out the general direction, "that the defendants submit to such examination, or examinations, as the said master shall direct, in relation to any matters which said defendants would be required to disclose by answer to the bill of complaint;" also by striking out a similar provision as to the examination of witnesses, and inserting, in lieu thereof, the usual direction contained in orders of this kind, where the defendants appear and answer the bill; that is, a direction confining the examinations of the defendants, and of the witnesses, to matters which are proper in relation to the appointment of the receiver, and to the property and effects which the defendants are directed to assign to such receiver.

·With this modification, the order appealed from must be affirmed, with costs.

Order accordingly.