## PRICE *a.* PETERS.

*New York Common Pleas; General Term, November,* 1862.

INSOLVENT'S DISCHARGE.—FAILURE TO PLEAD.—RELIEF BY MO-
TION.—JUSTICE'S COURT.—AMENDMENT.

An insolvent's discharge must be pleaded as a defence to the action, if the party has an opportunity of doing so; and if he neglects to interpose it, the court will not afterwards, upon motion, relieve him against the judgment.

In a justice's court, a defence which accrues after the closing of the testimony, but before the case is submitted, should be set up by amendment.

To render an insolvent's discharge available as a defence, it must be pleaded.

An objection that the justice had not jurisdiction to render judgment, in consequence of having, by consent, adjourned the cause from the court-room to his office, is not available in a collateral proceeding.

Appeal from an order.

This action was brought by George Price against Henry Peters and J. A. Ingram, in one of the New York district courts, and judgment recovered by the plaintiff, upon two promissory notes made in September, 1860, for $142.64. Supplementary

proceedings were instituted, under which Peters was partially examined: he declined to answer certain questions, whereupon plaintiff moved for an attachment, with the view of punishing him for a contempt. Pending this motion, defendant Peters moved that all proceedings on the part of the plaintiff be perpetually stayed. The grounds of his motion were, that the justice, who tried the cause pending the trial, adjourned his further proceedings to his private law-office: that the testimony was closed on both sides April 19, 1861; the case was adjourned till April 25th, for the summing up: on this adjourned day Peters offered in evidence a discharge from his debts, under the "Two-thirds Act" (2 *Rev. Stat.*, 16), granted by E. D. Culver, city judge of Brooklyn, dated April 23, 1861. The justice refused to receive it, and rendered judgment as above. Judge Brady denied defendant's motion: from such denial this appeal was taken.

*Justice Palmer*, for the appellant.—I. The justice refused to receive the discharge because the testimony was closed. This was entirely a matter in his discretion (see Harden *a.* Woodside, 2 *E. D. Smith*, 37; Alburtis *a.* Macready, *Ib.*, 39; Harpel *a.* Curtis, 1 *Ib.*, 78; Picket *a.* Dexter, 12 *Wend.*, 153), and not appealable. Defendant then had no opportunity to plead the discharge.

II. Defendant is now entitled to relief on motion. (Palmer *a.* Hutchings, 1 *Cow.*, 42; Brown *a.* Taylor, *Ib.*, 165.) West *a.* Howley (1 *Hill*, 69), is not analogous to the present case. There the testimony was not closed.

III. The court will not try the good faith or regularity of an insolvent's discharge on motion. (Read *a.* Gordon, 1 *Cow.*, 50.)

IV. The proceedings of the justice at his private office were without jurisdiction.

*Harrison & Waring*, for the respondent.—I. The discharge having been obtained *pendente lite*, it should have been pleaded in the action. (Valkenbergh *a.* Dederick, 1 *Johns. Cas.*, 133; Alcott *a.* Avery, 1 *Barb. Ch.*, 347; 2 *Cai.*, 102; 18 *Johns.*, 336.) 1. On the trial, the defendant only offered the discharge in evidence, and it was properly rejected by the justice, for the reasons, that no such issue was raised by the pleadings; that,

Price *a*. Peters.

even if raised, the evidence had been closed. 2. Although the evidence had been closed, he was not precluded from pleading the discharge. (*Code*, § 64, subd. 11 ; West *a*. Stanley, 1 *Hill*, 69.)

II. If the justice erred in not admitting evidence of the discharge or allowing the defendant to plead it, the error has been waived by the defendant neglecting to appeal.

III. The justice did not lose jurisdiction by reason of the adjournment from the court-room to his office, and they voluntarily appeared on each of the adjourned days. 1. It was done by consent of the parties. 2. The material evidence had been taken, and the judgment was rendered at his court-room.

IV. This objection is also waived by the defendant having neglected to appeal. (*Code*, § 351 ; O'Neil *a*. Martin, 1 *E. D. Smith*, 404 ; McCunn *a*. Barnett, 2 *Ib.*, 521.)

By the Court.*—Daly, F. J.—A discharge under the Two-third Act must be pleaded as a defence to the action if the party had an opportunity of doing so ; and if he had, and neglected to interpose it, the court will not afterwards, upon motion, relieve him against the judgment. (Mechanics' Bank *a*. Hazard, 9 *Johns.*, 392 ; Desobry *a*. Morange, 18 *Ib.*, 336 ; Valkenburgh *a*. Dederick, 1 *Johns. Cas.*, 133.)

The defendant Peters having obtained his discharge after issue joined, and before the cause was decided, should have applied to the justice under the 11th subdivision of the 64th section of the Code, for liberty to amend his answer by setting up the fact of his discharge. Having obtained it after the testimony was closed, but before the cause was finally submitted to the justice, he had a right to plead it. (West *a*. Stanley, 1 *Hill*, 69.) Instead of doing this, he offered the discharge in evidence as a defence to the action, and the justice refused to receive it. He was right in rejecting it. The defendant was not entitled to offer it in evidence, not having set it up as a defence. (Jackson *a*. Rich, 7 *Johns.*, 194.)

The objection that the justice had not jurisdiction to render judgment in consequence of having adjourned the cause, with the consent of parties, from the court-room to his office, for the

---

* Present, Daly, F. J., Brady and Hilton. JJ.

purpose of taking testimony, is a matter which will not be inquired into in a collateral proceeding like this. If it was error, and rendered the judgment void, the defendant's remedy was to appeal and have it reversed.

No ground was shown for ordering a perpetual stay of proceeding upon the judgment as against Peters. He had an ample opportunity *pendente lite* to set up his discharge as a defence, and having neglected to do so, he cannot have the benefit of it now, upon a motion to stay the proceedings under the judgment.

The order below should be affirmed.

BRADY, J.—The trial of this action in the court below was adjourned from the 19th to the 25th April, 1861. On the 23d April, the defendant Peters obtained a discharge from his debts, and on the 25th offered it in evidence. It was rejected by the justice, and the cause was on that day submitted without further testimony. The defendant did not plead the discharge, and, therefore, the justice was not bound, it would seem, to receive it in evidence. If it be otherwise, however, the defendant did not appeal, and the error committed has been waived. Where the defendant has an opportunity to plead the discharge, he will not be relieved on motion. (Palmer *a.* Hutchins, 1 *Cow.*, 42 ; Baker *a.* Ulster C. P., 4 *Johns.*, 190 ; Parkinson *a.* Scoville, 19 *Wend.*, 150.) The cause not having been submitted, the defendant could have pleaded his discharge (West *a.* Stanley, 1 *Hill*, 69), and the plaintiff would then have had an opportunity to test its validity.

The alleged irregularity in conducting the trial, although it deprived the justice of jurisdiction, cannot avail the defendant on a motion of this kind. The proceeding supplementary is based upon a judgment, and that is a judgment herein which cannot be reversed on motion, although the error complained of be one for which the judgment would be reversed on appeal to this court. The defendant must seek some other mode to relieve himself.

The motion must be denied, but without costs.