## JOHN HAGGERTY & others *vs.* JONATHAN AMORY.

In New York, a discharge in bankruptcy may be pleaded in bar to an action upon a judgment recovered in that state before the granting of the discharge, but after the commencement of the proceedings in bankruptcy, upon a debt which existed prior to the commencement of such proceedings; and the same defence may be made to an action brought upon such judgment in this commonwealth.

MERRICK, J. This is an action of contract to recover the amount of a judgment rendered in favor of the plaintiffs against the defendant in the supreme court of the state of New York in October 1843. The defendant Amory, upon whom alone process in this suit was served, appeared and made defence against the action. Upon the trial, he produced in evidence a discharge and certificate of discharge in bankruptcy from all his debts, granted to him subsequently to the rendition of said judgment, by the district court of the United States for the southern district of New York, in accordance with his petition duly filed in that court on the 28th day of May 1842; and he offered to prove also that the debt upon which the plaintiffs' said judgment was obtained was contracted long prior to the time of the filing of his said petition. But the presiding judge, being of opinion that upon the facts thus proved and offered to be proved the defendant's discharge in bankruptcy constituted no defence to this action, instructed the jury to that effect, and a verdict was accordingly returned for the plaintiffs. To this instruction the defendant excepted.

It was early determined that, under the constitution and laws of the United States, if a judgment rendered in a court of any

state, duly authenticated, had in the state court from which it was taken the faith and credit of the highest nature, namely, of record evidence, it must have the same faith and credit in the courts of every other state. And a judgment is therefore conclusive in every other state, if the courts of the particular state in which it was rendered would hold it to be conclusive. *Mills* v. *Duryee*, 7 Cranch, 481. But this general doctrine is subject to and must be taken with some qualification. In all instances the jurisdiction of the court wherein the judgment was rendered may be inquired into; and although it is the common rule that *nil debet* is not a good plea in a suit on a judgment of another state, because it is not good or allowable there, yet elsewhere the defendant may show under it that the court had no jurisdiction over his person. For it is only when the jurisdiction of the court in another state is not impeached or impeachable, either as to the cause of action or the parties, that the record of the judgment is entitled to full faith and credit, and that the judgment is final and conclusive upon them. *Starbuck* v. *Murray*, 5 Wend. 148. *Bissell* v. *Briggs*, 9 Mass. 462. *Woodward* v. *Tremere*, 6 Pick. 354. *Gleason* v. *Dodd*, 4 Met. 333. *Ewer* v. *Coffin*, 1 Cush. 23. Story Confl. Laws, § 590.

In the present case, the defendant concedes that the supreme court of the state of New York had jurisdiction, both of the cause and of the parties, in the suit in which the judgment declared on was rendered. But if a court has such jurisdiction, so that a judgment rendered by it is final and conclusive, yet the judgment may, in an action afterwards brought upon it, be looked into for the purpose of ascertaining what the nature of the original cause of action was, if the essential rights of the parties may be influenced or affected by the nature of the original contract. *Betts* v. *Bagley*, 12 Pick. 572. *Whitney* v. *Whiting*, 35 N. H. 457. *Suydam* v. *Barber*, 18 N. Y. 468. This is the universal rule. And accordingly it is laid down as the settled law of the land that any plea which would be good to avoid or to afford a defence against a judgment in the state where it was rendered, may be effectually pleaded in any other state, in any action there commenced upon it. 1 Kent Com. (6th ed.) 261.

*Shumway* v. *Stillman*, 4 Cow. 292. It was distinctly and em-phatically declared by Marshall, C. J., in the case of *Hampton* v. *M' Connel*, 3 Wheat. 234, that the judgment of a state court is to have the same credit, validity and effect in every other court in the United States which it has in the state where it is pro-nounced, and that whatever pleas would be good in a suit there-on, in such state, and none others, could be pleaded in the courts in any other of the United States.

In this state it has been determined, both in reference to judg-ments rendered here and those rendered in the courts of other states where the law and course of proceedings were, as it ap-pears to have been assumed, the same as in our own, that a discharge in insolvency, procured subsequently to the rendition of a judgment upon a cause of action which accrued prior to the petition of the debtor for the benefit of the statute, cannot be pleaded in bar to an action upon such judgment. *Sampson* v. *Clark*, 2 Cush. 173. *Woodbury* v. *Perkins*, 5 Cush. 86. *Faxon* v. *Baxter*, 11 Cush. 35. But these decisions are not applicable to and therefore cannot control the present case, because the validity, force and effect of the judgment declared on, and the defence which may be made to it, do not at all, as has already been shown, depend upon the law of this commonwealth, but upon that of the state of New York, where it was rendered, and where the law and the course of proceeding are essentially dif-ferent from our own. If an action for the recovery of a debt due is pending in our courts when the debtor becomes a bank-rupt and his estate is duly transferred to assignees, it is, in ac-cordance with the uniform and settled practice of the courts, ordered, on motion of the defendant, to be continued, that he may have opportunity to obtain and plead his discharge. But this practice has not been established or directly authorized by the provisions of any statute, or even by any positive and final decision of the court of last resort; but has been acquiesced in as a reasonable rule, which in its operation could hardly fail to afford adequate protection to the rights of all parties. No such rule appears to have prevailed in the state of New York. An action pending in their courts is not hindered in its progress to

final judgment by the institution or pursuit of proceedings in insolvency or bankruptcy; and consequently these proceedings can in no way be availed of by the debtor to his advantage, unless his discharge is obtained in season to be pleaded in bar, or he be allowed, whenever it may be obtained, to plead it in bar to an action on the judgment rendered in the original suit. And as this course of proceeding might otherwise often deprive a debtor of the benefit intended to be secured to him upon his becoming a bankrupt on seeking the relief assured to him by the provisions in the statute, it very naturally, if it ought not rather to be said necessarily, led the courts to the conclusion that the discharge, whenever obtained, is a perfect protection to him against any debt which existed when the proceedings in bankruptcy were commenced, although it may have been converted by a subsequent judgment into another and new form. And accordingly there have been reported decisions in their tribunals, and finally in the court of the last resort, to that effect; and the difficulty arising from the technical merger of the debt in the judgment, often urged by parties and occasionally considered by some judges as an objection of paramount importance, has been held insufficient to prevent the discharge, when later in date, from operating as a bar to an action on such judgment. In *Johnson* v. *Fitzhugh*, 3 Barb. Ch. 360, it was stated by the chancellor as the undoubted law of the state, that, when a decree in chancery is actually made before the discharge of the defendant under the bankrupt act from the payment of a debt which was contracted before the proceedings in bankruptcy were instituted, such debt may be proved under the proceedings in bankruptcy; and the discharge of the defendant is a complete and perfect bar to any suit or proceeding upon the decree to charge him personally with the debt. The same doctrine has been distinctly asserted in the highest courts of law, and approved and sanctioned by their decisions. It was so determined by the supreme court in the case of *Dresser* v. *Brooks*, 3 Barb. 429, and of *Fox* v. *Woodruff*, 9 Barb. 498. And, lastly, it was fully maintained and established in a case heard and determined by the court of appeals. *Clark* v. *Rowling*, 3 Comst. 216. In that case it

appeared that the plaintiff in 1842 commenced a suit against the defendants upon notes made by them in 1840, and that he recovered judgment against them on the 13th of May 1843. In the mean time the defendants, on the 29th of December 1842, presented to the proper court their petition in bankruptcy, and on the 10th of July next subsequently to the rendition of said judgment obtained their discharge. And it was determined that the plaintiff's demand, consisting of the notes declared on, was merged in the judgment, but not in so complete a sense as to prevent the court from looking behind it to see upon what it was founded, for the purpose of protecting the equitable rights connected with the original relation of the parties; that a discharge in bankruptcy operated upon the judgment obtained against the defendant, intermediate between the commencement of the proceedings and the granting of the discharge, because the judgment was founded on a debt existing at the time when these proceedings were commenced; and therefore that his discharge might be pleaded in bar, and was a good defence to the suit brought by the creditor for the purpose of enforcing the judgment.

These decisions, published in authorized reports, show what the law of the state of New York upon this subject is, and must be considered conclusive in relation to it. In its application to the facts proved and offered to be proved in the present case, no doubt can remain as to the decision which must be made upon the question before us. As the discharge of the defendant might have been pleaded in bar to an action upon the judgment in the state of New York, and would there constitute a good and complete defence to it, he has the same right to plead it in defence to a like suit depending in our courts, and it will there have the same force, validity and effect to which it would have been entitled in New York. *Exceptions sustained.*

*R. Olney,* (*B. F. Thomas* with him,) for the defendant, in addition to some of the cases cited in the opinion, cited *Buttrick* v. *Allen,* 8 Mass. 273; *McElmoyle* v. *Cohen,* 13 Pet. 312; *Rathbone* v. *Rathbone,* 10 Pick. 1; *Parker* v. *Danforth,* 16 Mass. 304, and cases cited; *May* v. *Breed,* 7 Cush. 15, 34–41, and cases cited.

*A. H. Fiske,* for the plaintiffs, cited *Woodbury* v. *Perkins,* 5 Cush. 86, and cases cited; *Mechanics' Bank* v. *Hazard,* 9 Johns. 392; *Steward* v. *Green,* 11 Paige, 535; *Thompson* v. *Hewitt,* 6 Hill, (N. Y.) 254; *Kellogg* v. *Schuyler,* 2 Denio, 73; *Bellows* v *Peck,* 3 Story R. 428.