RUDGE v. RUNDLE *et al.*, appellants.

*Bankruptcy — action against bankrupt pending in State court — discharge must be plead at first opportunity.*

An action was commenced in 1866 and was defended and brought to trial before a referee. In 1868, defendants were discharged in bankruptcy. In 1869, judgment was entered upon the report of the referee against defendants. In 1870, defendants applied to have the judgment vacated upon the ground of their discharge in bankruptcy. *Held,* that the motion should be denied. Defendants should have set up the discharge during the pendency of the action.

It has been the uniform course of decisions, both in regard to insolvent and bankrupt discharges, that the debtor must plead his discharge when he has the opportunity, and if he omits to plead it, the court will not relieve him on motion.

On the 23d July, 1866, action was commenced against defendants as factors for the proceeds of a consignment sent them by plaintiff, which it was alleged had been fraudulently misapplied by defendants to their own use, in the course of their employment as agents and factors of the plaintiff. The matter was tried before a referee, who found that the consignment was received by defendants as agents and factors of plaintiff, was sold by said defendants, and the money received by them, and that no "part of it, although demanded, has been paid by the defendants to the plaintiff; but they used the same in their business, and applied it to their own use," and that the plaintiff is entitled to recover. Judgment ordered accordingly.

On June 11, 1869, judgment was entered.

On the 25th of April, 1870, two of the defendants (the appellants herein) moved to vacate and discharge the judgment on an affidavit

and a discharge in bankruptcy, showing that the said defendants had been discharged in bankruptcy on the 19th December, 1868. This motion was denied, and the order denying it, this appeal was taken.

*Vose & McDaniel* and *Everett P. Wheeler*, for appellants. The case was referred May 6, 1867. The petition in bankruptcy was filed June 1, 1868. The debt was then in dispute; was allowed to go on to judgment to ascertain the amount due, but the discharge is from all debts which existed on the 1st June, 1868. Bankrupt Act, § 32, Bump on Bankruptcy, 453.

*Weeks & Forster*, for respondents.

INGRAHAM, P. J. Two of the defendants were discharged in bankruptcy on 19th December, 1868. A judgment in this action was recovered on 11th June, 1869. Between December, 1868, and June, 1869, no application or attempt was made to set up the discharge, and the plaintiff was allowed to obtain judgment, without objection on this ground.

Whatever view might be taken of the question, whether the cause of action was one of a fiduciary character or otherwise, is not very material to the decision of this appeal. Under our practice and the provisions of the Code, a person acting as a factor has been charged with the liabilities arising from transactions of a fiduciary nature. I see nothing in the bankrupt act sufficient to warrant us in holding otherwise in the present case. The defendant received the money for a special purpose and applied it to his own use, without any authority so to do.

But, independent of that question, the defendants have no right to have this motion granted. After the discharge was obtained, six months elapsed before judgment was entered. During that time, he should have applied for leave to set up the discharge in a supplemental answer. Having omitted so to do, he loses the benefit of the discharge.

It has been the uniform course of decision, both in regard to insolvent and bankrupt discharges, that the debtor must plead his discharge when he has the opportunity; and if he omits to plead his discharge, the court will not relieve him on motion. *Cross* v. *Hobson*, 2 Cai. 102; *Mechanics' Bank* v. *Hazard*, 9 Johns. 392; *Stewart* v. *Green*, 11 Paige 535; *Alcott* v. *Avery*, 1 Barb. Ch. 347; *Cost* v. *Riley*, 18 Johns. 54; *Desobry* v. *Morange*, id. 336.

The reason for this rule is obvious. The validity of a discharge should not be tried on affidavit, and if the defendant will not set up by way of answer, they must abide by the result. The order must be affirmed.

FANCHER, J., concurred.

*Order affirmed.*