(38 Misc. Rep. 379.)

## AIKEN v. VAN WERT.

(Supreme Court, Trial Term, Rensselaer County. July, 1902.)

1. ATTORNEY AND CLIENT—TRANSACTIONS BETWEEN.

A client, on exchanging mortgaged lands for other property mortgaged to the same amount, assumed the mortgage on the lands which he acquired by the exchange. His attorney held the mortgage on the lands conveyed by the client, and assured the client that it was not necessary to give him a release thereon so as to hold the grantee of the property, and that he would fix it in the deed so that the client would be discharged. *Held* that, where the client paid the mortgage on the property he took in exchange, the attorney could not subsequently sue the client on the bond accompanying the mortgage on the property originally owned by the client.

Action by Emmet N. Aiken against William N. Van Wert. Motion of plaintiff on finding of the jury to direct judgment for plaintiff, and a like motion of defendant to direct judgment for the defendant. Judgment for defendant, with costs.

Henderson Peck and J. B. Holmes, for plaintiff.
Akin & Keenan, for defendant.

HERRICK, J. The plaintiff is an attorney and counselor of the supreme court. He and the defendant have been personal acquaintances and friends for a number of years, and the plaintiff has also acted as an attorney for the defendant in several proceedings prior to the giving of the bond and mortgage hereinafter referred to, and appears to have been his adviser in such legal matters as he thought that he needed advice in. On or about the 18th day of April, 1896, the defendant borrowed from the plaintiff the sum of $500, and at the same time executed and delivered to him a bond and mortgage accompanying the same upon a farm to secure the payment of such sum of $500. The bond and mortgage was conditioned for the payment of the said sum of $500 on the 1st day of April, 1900, interest payable semiannually. In the year 1897 the defendant exchanged farms with one Wilbur G. Martin. Martin's farm was subject to a mortgage of $500. By the terms of the deeds of exchange each assumed and agreed to pay the mortgage on the farm conveyed by such deeds respectively. The defendant claims that, upon the proposition being made for the exchange of farms, he consulted the plaintiff in regard thereto, and told him that he was willing to make the exchange if he could be released from his liability upon the mortgage then against his farm, and that the plaintiff then and there told him that he would accept Martin as his debtor in his place and stead, and that he thereupon finally agreed to make the exchange with Martin; that several days thereafter Martin came to his house for the purpose of making such exchange, and the plaintiff was brought there for the purpose of drawing up the necessary instruments; that at that time the defendant asked the plaintiff if it was not necessary to draw

a new mortgage from Mr. Martin, and discharge the one he held against him, to which he says the plaintiff replied that it was not necessary, that he took Martin in his place, and that that released him, and that he would fix it in the deed so that he would be discharged. Deeds were drawn up, each containing an assumption clause of the mortgage upon the property described in such deed. When the mortgage upon the premises conveyed to him by Martin became due, the defendant paid the same, with interest, and when the bond and mortgage given by the defendant became due the plaintiff commenced this action upon the bond to recover the amount thereof, with interest. Upon the trial the plaintiff denied that he had agreed to accept Martin and release the defendant from his obligation upon the bond and mortgage due him; denied advising him that it was not necessary for the defendant to have a release, or that he would take Martin in his place, or that he would fix it in the deed so that he would be discharged.

At the close of the testimony the court submitted to the jury the following questions: First. "Did the plaintiff agree with the defendant to release him from the bond, and to take Wilbur G.. Martin in his place and stead?" Second. "Did the plaintiff, at the time of drawing the deed from Van Wert to Martin and from Martin to Van Wert, advise the defendant in words or substance that it was not necessary for him to give the defendant a release from his liability upon the bond, and tell him that he took Martin in his place, and that that released him, and that he would fix it in the deed so that he would be discharged?" To the first question the jury answered, "No," and to the second question, "Yes." There is an apparent inconsistency in these findings of the jury, but they can be reconciled when the course of the trial and the testimony are taken into consideration. According to the testimony of the defendant, there were two occasions upon which the plaintiff agreed to release him from his liability upon the bond and accept Martin in his place and stead. The first was several days before the drawing of the deeds, when he went to consult the plaintiff in relation to the exchange, and told him his willingness to make it, provided that he could be released from his liability on the bond and mortgage. At that interview there were present, only the plaintiff and himself, and the plaintiff specifically denies the statement of the defendant as to what took place at that interview, so far as it relates to his releasing the defendant from his obligation upon the bond and mortgage and accepting Martin in his place and stead. As to what took place at the time that the deeds were drawn and executed, the defendant is corroborated by his wife and his son, and on some points corroborated, and on others contradicted, by Martin and Martin's wife; and it is apparent that the jury found that the defendant had not affirmatively established the agreement between himself and the plaintiff upon the first occasion, but had upon the second. Upon these findings each party moved for judgment in his favor. Upon a consideration of the evidence in the case, I think the answer of the jury to the second question is correct, and that judgment should be directed for the defendant. The

plaintiff had transacted business as an attorney and counselor for the defendant from time to time before the transaction in question here. At the time of drawing the deeds, while he was the creditor of the defendant, he was also his lawyer and legal adviser, and the duty that he owed to the defendant as his lawyer was superior to that he owed to himself as a creditor. The utmost good faith should have characterized his conduct, and if, as the result of his acts, either must suffer, his client or himself, he must. It was his duty to so draw the instruments as to carry into effect the desire and intention of his client, or fully inform him why he could not or would not do so, so that his client should fully and completely understand the situation in which he was being placed. It is perfectly apparent from all the evidence in the case that the defendant desired and intended to be released from all liability upon his bond and mortgage given by him to the plaintiff upon his assuming and agreeing to pay the mortgage for a like amount upon the premises to be conveyed to him by Martin. Not only was the desire and intention of the defendant to be released from his liability to the plaintiff not complied with, but the plaintiff, after having, as the jury found, told the defendant that he took Martin in his place and stead, and that that discharged him, and that he would so fix it in the deed, then proceeded to draw the deeds in such a way as to increase the security for the payment of his own debt, and to double his client's liability, not only not releasing him from his liability to the plaintiff, but making him incur the additional obligation, which he has since discharged, of paying the mortgage upon the farm received by him from Martin; and now, when that obligation is discharged, and the mortgage to the plaintiff has become due, the plaintiff, instead of proceeding against Martin, who, by the assumption clause in his deed, has become the principal debtor, proceeds against the defendant upon his bond alone, without attempting to foreclose the mortgage, and thus secure his debt out of the land upon which it had been made a charge. When an attorney comes into the court of which he is an officer seeking justice against a client, he must come in with absolutely clean hands. The court will not inquire as to whether there has been any pecuniary consideration for any agreement he has entered into with his client, or whether there has been fraud. "The court, from general principles of policy and equity, will always look into the dealings between attorney and client, and guard the latter from any undue consequences resulting from a situation in which he may be supposed to stand unequal." Starr v. Vanderheyden, 9 Johns. 253, 6 Am. Dec. 275. And when, as a result of the conduct of the lawyer with his client, either the lawyer or his client must suffer, the court will protect the client against his lawyer.

The second finding of the jury combines an agreement upon the part of a creditor with his debtor, together with the advice of a lawyer to his client; and when creditor and lawyer and debtor and client are one and the same person the absolute good faith that should characterize the dealings of a lawyer with his client requires that such combined agreement and advice should be made effective, and to that end the plaintiff should be estopped from collecting the amount of

the bond from the defendant personally. Let judgment be entered for the defendant, with costs.

Judgment for defendant, with costs.